Edward C. Robinson Jr.
Assistant United States Attorney

Before:   THE HONORABLE SARAH NETBURN
          United States Magistrate Judge
          Southern District of New York

**22 MAG 2157**

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :   **SEALED COMPLAINT**

    - v. -                          :   Violations of 18 U.S.C.
                                        §§ 1951, 924(c), and 2
FELIX GOMEZ,                        :
                                        COUNTY OF OFFENSE:
           Defendant.          :   Bronx

                                    :

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    BRIAN MCCARTHY, being duly sworn, deposes and says that he is a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF")/New York City Police Department ("NYPD") Joint Robbery Task Force, and charges as follows:

### COUNT ONE
(Hobbs Act Robbery)

    1.   On or about November 6, 2021, in the Southern District of New York and elsewhere, FELIX GOMEZ, the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, GOMEZ committed an armed robbery of a barbershop in the Bronx.

    (Title 18, United States Code, Sections 1951 and 2.)

## COUNT TWO
(Discharge of a Firearm)

2. On or about November 6, 2021, in the Southern District of New York and elsewhere, FELIX GOMEZ, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count One of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was discharged, during the robbery charged in Count One of this Complaint.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), and 2.)

The bases for my knowledge and the foregoing charge are, in part, as follows:

3. I am a Task Force Officer with the ATF/NYPD Joint Robbery Task Force. I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with other law enforcement officers, my examination of documents, videos, reports and records, and my involvement in this investigation. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## THE ROBBERY

4. The NYPD and ATF is investigating a robbery of a barbershop (the "Barbershop") that occurred in the Bronx, New York on or about November 6, 2021.

5. Based on my involvement in this investigation, my review of law enforcement reports, my review of surveillance videos and photographs, and my review of returns obtained pursuant to a judicially authorized search warrant from Facebook, I have learned the following:

    a. An individual, who worked at the Barbershop, (the "Employee") posted his gold chain and bracelet on Facebook Marketplace for sale.

   b. On or about November 6, 2021, a user on Facebook with the name "Moneyy Meech" (the "Moneyy Meech Account") contacted the Employee via Facebook about the gold chain and bracelet for sale. The user provided a phone number (the "Cellphone Number").

   c. The user of the Moneyy Meech Account and the Victim agreed to meet at the Barbershop.

 6. Based on my involvement in this investigation, my review of law enforcement reports, and my review of surveillance videos and photographs, I have learned the following about the Robbery:

   a. On or about November 6, 2021, at approximately 4:53 p.m., an individual (the "Robber") entered the Barbershop, displayed a firearm, and stated "give up the chain and bracelet," referring to jewelry that had been advertised online for sale by the Employee. The Robber discharged his firearm into the wall.

   b. Another Barbershop employee gave the Robber an envelope containing $10,000 dollars in U.S. currency.

   c. The Robber exited the Barbershop, crossed the street, got on a red motor bike that was parked there, and drove away.

   d. During the Robbery, the Robber was wearing a black jacket, red hoodie, black jeans that are faded around the knees, and black Jordan sneakers.

   e. Still photographs taken from surveillance footage of the Robbery or near the location of the Robbery are presented below, and further depict the clothing that was apparently worn before, during, or after the Robbery as well as the red motor bike and firearm used by the Robber.



  f. A spent bullet was recovered from the Barbershop.

  g. Based on my visit to the Barbershop, I have learned, among other things, that certain of the goods that the Barbershop offers for sale, such as cellphone cases and secondhand cellphones, move in interstate or international commerce.

### IDENTIFICATION OF FELIX GOMEZ AS THE ROBBER

  7. By the means described below, I have identified FELIX GOMEZ, the defendant, as the Robber.

  8. Based on my review of NYPD records, I learned that the Cellphone Number is listed as the number for FELIX GOMEZ, the defendant, on a New York City Police Department Transit Adjudication Bureau Summons issued to GOMEZ on September 14, 2021. For this reason, I believe the Cellphone Number belongs to GOMEZ.

  9. Based on my review of historical cellphone location information for the Cellphone Number obtained pursuant to a judicially authorized warrant for the Cellphone Number, I have learned that:

  a. On or about November 6, 2021, at approximately 4:05 p.m., the phone associated with the Cellphone Number was near the location of the address (the "GOMEZ Address") provided for FELIX GOMEZ, the defendant, on a New York City Police Department Transit Adjudication Bureau Summons issued to GOMEZ on September 14, 2021.

   b. At approximately, 4:31 p.m., the Cellphone Number called the phone number provided by the Employee via Facebook to the Moneyy Meech Account, and the phone associated with the Cellphone Number was near the Barbershop, approximately 22 minutes before the Robbery occurred there.

   c. At approximately 4:51 and 4:52 p.m., the phone associated with the Cellphone Number remained near the Barbershop right before the Robbery occurred.

   d. At approximately 4:58 p.m., the phone associated with the Cellphone Number was near the location where the Robber was last seen fleeing the scene.

  10. Based on my review of Facebook records obtained pursuant to a judicially authorized search warrant, I believe the Moneyy Meech Account belongs to FELIX GOMEZ, the defendant, for the following reasons:

   a. Photos from the Facebook profile for the Moneyy Meech Account show an individual wearing what appears to be the same black jacket worn by the Robber during the Robbery. The individual shares the same appearance as GOMEZ, including a lipstick tattoo on his neck.

   b. The birth date listed on the Facebook profile for the Moneyy Meech Account matches GOMEZ's birth date on official NYPD records.

   c. Subscriber records for the registration email (the "GOMEZ Email Account") for the Moneyy Meech Account provide that the subscriber of the GOMEZ Email Account is GOMEZ.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of FELIX GOMEZ, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

s/ authorized electronic signature
_____
BRIAN MCCARTHY
Task Force Officer
ATF/NYPD Joint Robbery Task Force

Sworn to before me by reliable electronic means, pursuant to Federal Rule of Criminal Procedure 4.1

__7__ Day of March 2022

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK